UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **WAYFAIR, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 12-12155-FDS |
| ) | |
| **THE FURNITURE AUTHORITY, LLC,** ) | |
| ) | |
| Defendant. ) | |

ORDER ON
SERVICE OF PROCESS

**SAYLOR, J.**

This is an action for trademark infringement in the retail furniture industry. Plaintiff Wayfair, LLC reports that it has thus far been unsuccessful in serving the summons and complaint on defendant The Furniture Authority, LLC. Wayfair is a Delaware limited liability company with its principal place of business in Massachusetts. The Furniture Authority is a New Jersey limited liability company with its principal place of business in New Jersey.

On December 20, 2012, Wayfair moved for this Court to deem the summons and complaint as having been served and order that The Furniture Authority respond to the complaint within 21 days or otherwise order an alternative means of service. For the reasons set forth below, the Court will order that the summons and complaint be served by way of first-class mail and leaving a copy of the documents at defendant's place of business.

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that a partnership or other unincorporated association may be served, among other ways, in the manner prescribed in Rule

4(e)(1) for serving an individual. Rule 4(e)(1) provides that such a defendant may be served "in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 4 of the Massachusetts Rules of Civil Procedure, in turn, provides that, when attempting to serve an unincorporated association, "[i]f the person authorized to serve process makes return that after diligent search he can find no person upon whom service can be made, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law." Mass. R. Civ. P. 4(d)(2).[1] Finally, Mass. Gen. Laws ch. 227, § 7 provides that, in such a situation, "notice of the action is given in such manner as [the court] may order."

This Court appears to be without power to grant plaintiff the entirety of the relief it seeks and simply deem the complaint and summons to have been served. However, the Court does have the power to order an alternative means of service upon a motion by plaintiff and a showing that a diligent search was undertaken to find a person upon whom service can be made. The Court interprets plaintiff's present motion as requesting such an order and also finds that it includes within it an adequate showing that a diligent search was undertaken but was unsuccessful.

Accordingly, the Court orders that the plaintiff serve the summons, the complaint, and a

---

[1] Mass. R. Civ. P. 4(e) provides that "[w]hen any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court."

copy of this order on the defendant by the following means: (1) sending a copy of all three items by first-class mail to defendant's last-known address, and (2) leaving a copy of all three items at defendants last-known place of business.

**So Ordered.**

                                              /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
                                              United States District Judge

Dated: January 15, 2013